UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Civ. No. 15-5835 (KM)<br><br>**MEMORANDUM & ORDER** |

This matter comes before the court on the motion of the plaintiff, Manuel Lampon-Paz, for an emergency injunction. (ECF no. 2) The plaintiff has also move to proceed with this case *in forma pauperis*, without the payment of a filing fee. For the reasons expressed herein, I will DENY the motion for an injunction. By separate order, filed simultaneously, I will, however, GRANT the application to proceed *in forma pauperis*.

The plaintiff has filed his complaint and the motion for an injunction *pro se*. The docket contains no proof of service on the defendant, Office of Personnel Management (OPM).

The complaint (ECF no. 1) seeks relief under 42 U.S.C. § 2000e-3 (other unlawful employment practices). Mr. Lampon-Paz's chief allegation is that the OPM has informed him that he will not receive his disability retirement annuity payment for August because letters to him were returned to OPM as undeliverable. He disputes this, saying that OPM has acted "without cause" or in retaliation. Attached to the complaint is a letter from OPM to Mr. Lampon-Paz's credit union, stating that mail to Mr. Lampon-Paz has been returned, and warning that, unless he responds, they will suspend annuity payments. OPM requests the assistance of the credit union in contacting Mr. Lampon-Paz.

Mr. Lampon-Paz's motion (ECF no. 2) asks that the court to order the Office of Personnel Management to "refrain ... from not issuing my annuity." He states that if he does not receive his annuity payments, he will suffer financially and will be forced to draw on his IRA, which will result in financial penalties, and would also interrupt automatic payments to maintain his life insurance.

The standards for issuing a temporary restraining order or preliminary injunction are similar. A preliminary injunction is an "extraordinary remedy...that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

> "A plaintiff seeking a preliminary injunction must establish
> [1] that he is likely to succeed on the merits,
> [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,
> [3] that the balance of equities tips in his favor, and
> [4] that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (line breaks and numbering added); *accord American Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012); *Kos Pharm., Inc. v. Andrx Corp.* 369 F. 3d 700, 708 (3d Cir. 2004); *see Adams v. Freedom Forge Corp.*, 204 F.3d 475, 486 (3d Cir. 2000) (movant bears the burden of establishing these elements). All four factors are important, but the first two are essential. *Adams*, 204 F. 3d at 484; *accord Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) ("[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." (quoting *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir.1982)); *Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir.1987).

As to likelihood of success on the merits, there is no sufficient showing. Mr. Lampon-Paz's affidavit recites the hardships that would result from missing an annuity payment. It contains no facts from which a court could conclude that any interruption in payments resulted or will result from a

violation of the cited statute, 42 U.S.C. § 2000e-3. That statute, in essence, prohibits retaliation based on making a complaint of employment discrimination under Title VII. No such facts are apparent. Indeed, the papers attached to the complaint and motion seemingly relate to a federal agency's ordinary efforts to verify an address. Nothing in the record establishes that the plaintiff has exhausted the remedies available to him through ordinary administrative channels: chiefly, to submit proof of address.

As to irreparable harm, there is likewise no sufficient showing. The harms alleged are financial. Irreparable harm, by definition, is harm that cannot be redressed by money damages. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1964)). Financial harm of the kind alleged here can be remedied by money damages. I also note that the agency's letter does not threaten a cutoff of annuity payments; it states that they may be suspended pending submission of information regarding the plaintiff's current address.

Because the application fails on the first two injunctive factors, which are essential, I do not address the others.

## ORDER

For the foregoing reasons, the plaintiff's application for an emergency injunction (ECF no. 2) is **DENIED**. By separate order, I will **GRANT** the plaintiff's application to proceed with this case *in forma pauperis*.

Dated: August 7, 2015

_____
KEVIN MCNULTY
United States District Judge