UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Civ. No. 15-5835 (KM)<br><br>**MEMORANDUM OPINION** |

This matter comes before the court on the motion (ECF no. 19) of the defendant, Office of Personnel Management ("OPM"), to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b), Fed. R. Civ. P.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading

requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

There are three problems with the complaint which require dismissal.

*First,* the complaint (ECF no. 1) is brought against the wrong party. It seeks relief under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3 (other unlawful employment practices), which is an employment discrimination statute. In general, such a claim must be brought against the plaintiff's employer. Here, the plaintiff was an air marshal, employed by the Department of Homeland Security. The only proper defendant for a Title VII claim, then, would be the head of the relevant agency—here, the Secretary of the Department of Homeland Security. *See* 42 U.S.C. § 2000e-16(c); *Wadhwa v. Secretary, Dep't of Veterans Affairs,* 505 F. App'x 209, 212–13 (3d Cir. 2012). This complaint, however, sues OPM, which is not alleged to have ever employed the plaintiff. It is not enough to state, as plaintiff does, that OPM and the Department of Homeland Security are both part of the federal government.

*Second,* the complaint does not state facts that would support a claim under Title VII. The chief allegation is that the OPM informed the plaintiff that he would not receive his disability retirement annuity payment for August 2015 because letters to him were returned to OPM as undeliverable. Plaintiff disputes this, saying that OPM has acted "without cause" or in retaliation for his filing of lawsuits against federal agencies. Attached to the complaint is a letter from OPM to Plaintiff's credit union, stating that mail to him has been returned, and warning that, unless he responds, they will suspend annuity payments. OPM requests the assistance of the credit union in contacting Plaintiff. The papers attached to the complaint and motion seemingly relate to a federal agency's ordinary efforts to verify an address. (In his motion papers, plaintiff acknowledges that the payments restarted. ECF no. 20 at 8))

To state a claim, for example, for retaliation under Title VII, a complaint must allege (1) that plaintiff engaged in an employment activity protected by Title VII; (2) that his employer took an adverse employment action; and (3) a

causal link between (1) and (2). *E.g., Abramson v. William Paterson College,* 260 F.2d 265, 286 (3d Cir. 2001).There is no allegation that plaintiff is a member of a protected class or took action protected by Title VII. Merely filing a lawsuit does not qualify as "protected activity"; only complaints of discrimination based on, *e.g.,* race, color, religion, sex, or national origin, do. *See Davis v. City of Newark,* 417 F. Spp'x 201, 202–03 (3d Cir. 2011). That is not the subject of the plaintiff's prior complaints.

*Third,* there has been no exhaustion of administrative remedies, a prerequisite to filing an action under Title VII. *See Spence v. Straw,* 54 F.3d 196, 201 (3d Cir. 1995).

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the complaint (ECF no. 19) is **GRANTED.**  Out of caution, this dismissal is without prejudice to the submission, within 30 days, of an amended complaint that remedies the deficiencies identified here.

_____
KEVIN MCNULTY
United States District Judge